UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| E. C. By Next Friends Mario C. and Kim C., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-03563-JPH-CSW ) |
| COMMUNITY SCHOOL CORPORATION OF EASTERN HANCOCK COUNTY, COMMUNITY SCHOOL CORPORATION OF SOUTHERN HANCOCK COUNTY, SAMSON T. LIVINGSTON, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER AWARDING COSTS**

The Court entered final judgment in this case after granting summary judgment to the two school-corporation defendants on E.C.'s federal claims and relinquishing jurisdiction over her state law claims. Dkt. 261; dkt. 268. The school corporations filed Bills of Costs, dkt. 269; dkt. 271, and E.C. objected, arguing that the school corporations are not prevailing parties and that she is unable to pay costs. Dkt. 270. For the reasons below, the school corporations are **GRANTED** costs. Dkt. [269]; dkt. [271].

## I.
## Applicable Law

Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "There is a presumption" that the prevailing party will recover costs, "and the losing party bears the burden of

1

an affirmative showing that taxed costs are not appropriate." *Lange v. City of Oconto*, 28 F.4th 825, 845 (7th Cir. 2022). "This presumption in favor of awarding costs is difficult to overcome; therefore, the court must award costs unless it states good reasons for denying them." *Id.* "Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs." *Id.*

## II.
## Analysis

The school-corporation defendants seek half of their costs incurred in this litigation since they prevailed in this case on one of the two claims against them. Dkt. 271-1 at 7; dkt. 273 at 2 n.1  Southern Hancock seeks $4,567.75—$4,117.75 in transcript fees and $450.00 in expert witness fees. Dkt. 269; dkt. 273 at 2 n.1. Eastern Hancock seeks $6,624.35, all for transcript fees. Dkt. 271.

E.C. objects to the Bills of Costs, arguing that the school corporations are not prevailing parties under Rule 54(d) and that she is not able to pay costs now or in the future. Dkt. 270; dkt. 272. The school corporations respond that they are prevailing parties because they prevailed on the only issue decided on the merits and that indigency is a narrow exception to costs that E.C. has not shown here. Dkt. 273.

A "prevailing party" is one "that prevails on a substantial part of the litigation." *Baker v. Lindgren*, 856 F.3d 498, 502 (7th Cir. 2017). "[A] party may meet that standard even when the party does not prevail on every claim."

*Id.*; *see Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir. 1999). Here, the Court granted summary judgment to the school corporations on E.C.'s federal claims and declined to exercise supplemental jurisdiction over her state-law claims. The school corporations were therefore awarded "substantial relief," making them prevailing parties. *Smart v. Local 702 Int'l Brotherhood of Elec. Workers*, 573 F.3d 523, 525 (7th Cir. 2009); *see Slane*, 164 F.3d at 1068. That prevailing-party rule applies, and costs should be awarded, when the federal court "is the first court to dispose of a case in a situation where several courts are likely to be involved." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003) (reversing a denial of costs even though the plaintiffs intended to refile state-law claims in state court).

District courts also have discretion to decline to award costs against an indigent party. *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). However, indigence is a "narrow" exception rather than "a blanket excuse"—costs may still be awarded to "serve[ ] the valuable purposes of discouraging unmeritorious claims." *Id.* at 635–36.

The "threshold factual" question is whether the non-prevailing party is incapable of paying costs now or in the future. *Id.* at 635. "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* "This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses" to "ensure that district courts have clear proof of the non-prevailing party's dire financial circumstances." *Id.*

Here, E.C. has not provided any of the financial documentation that *Rivera* requires. *See* dkt. 270; dkt. 272. Instead, she cited only evidence that she is "severely cognitively disabled" and therefore cannot "obtain[ ] gainful employment," leaving her "entirely dependent on others for her financial well-being." Dkt. 270 at 5. E.C. did not file a surreply or additional evidence when the school corporations noted that she "has presented no evidence indicating whether [she] has any financial assets, such as in a trust, a savings account, or an investment portfolio." Dkt. 273 at 5.

While E.C. may never have income allowing her to pay costs, the Seventh Circuit has held that the indigency standard is based on ability to pay "at this time or in the future." *Lange*, 28 F.4th at 846. Income therefore "is no indication of indigence because it tells us nothing of [the party's] other financial resources." *Corder v. Lucent Tech., Inc.*, 162 F.3d 924, 929 (7th Cir. 1998). Since E.C. has not provided evidence about other financial resources, she has not carried her burden to prove the "narrow" indigency exception. *See Lange*, 28 F.4th at 846 (describing documentary evidence of assets and expenses as "required" to prove indigency).

In sum, on these facts, the "strong presumption that the prevailing party will recover costs" has not been overcome. *Cassidy*, 338 F.3d at 708; *see Lange*, 28 F.4th at 845 ("Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs.").

## III.
## Conclusion

Southern Hancock is awarded $4,567.75 in costs, dkt. [269], and Eastern Hancock is awarded $6,624.35 in costs, dkt. [271].

**SO ORDERED.**

Date: 4/17/2024

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel